[Crim. No. 1227.   Second Appellate District, Division One.—December 14, 1925.]

THE PEOPLE, Respondent, v. CLARENCE B. WALDEN et al., Appellants.

[1] CRIMINAL LAW—SEPARATE TRIALS—DISCRETION.—Section 1098 of the Penal Code requires that defendants jointly charged in criminal actions shall be tried jointly unless the court orders separate trials; and while the court, in its discretion, may order a separate trial, it is not bound or required to do so upon the mere request of a defendant.

[2] ID.—ARSON—HUSBAND AND WIFE—WITNESSES—SEPARATE TRIAL.— In this prosecution for arson, the trial court did not err in denying a request by one of the defendants for a separate trial from

---

1. See 8 Cal. Jur. 144, and Supplement.

that of his wife, merely because section 1322 of the Penal Code prohibits husband or wife from being a competent witness for or against the other except with the consent of both.

[3] Id.—Sufficiency of Evidence—Verdict.—In such prosecution the evidence was sufficient to sustain the conviction of one defendant, but insufficient as to the other defendant.

[4] Id.—Flight—Consciousness of Guilt—Evidence.—In such prosecution, where there was no evidence that one of the defendants knew that a crime had been committed or that he was likely to be accused thereof, evidence of his flight, taken alone, was not evidence of consciousness of guilt.

(1) 16 C. J., p. 784, n. 64, p. 785, n. 68. (2) 16 C. J., p. 787, n. 95. (3) 5 C. J., p. 580, n. 16. (4) 16 C. J., p. 551, n. 8, p. 763, n. 42, 44, 46; 17 C. J., p. 226, n. 72.

APPEALS from judgments of the Superior Court of Los Angeles County and from orders denying a new trial. Charles S. Crail, Judge. Affirmed as to one appellant and reversed as to other.

The facts are stated in the opinion of the court.

Stanley Visel for Appellant Walden.

Cooper, Collings & Shreve for Appellant Colson.

U. S. Webb, Attorney-General, and · H. H. Linney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellants Walden and Colson, together with Walden's wife, Edna Frances Walden, were jointly charged with the crime of arson, committed by wilfully, etc., setting fire to and burning a dwelling-house owned by Sophie Gwertz.

Walden asked that he be granted a separate trial from that of his wife. This request was denied. His motion was based upon an affidavit which stated that he and Mrs. Walden were husband and wife; and "by reason thereof and section 1322 of the Penal Code," alleged that "unless he is granted a separate trial from that of the codefendant, Edna Frances Walden, he cannot have a

4. See 8 Cal. Jur. 44; 8 R. C. L. 193,

fair and impartial trial, and he will be prejudiced therein and will suffer a substantial injustice by reason thereof.'' Said section 1322 is the section under which, in a case of this kind, neither husband nor wife would be a competent witness for or against the other, except with the consent of both.

[1] On the subject of separate trials of defendants in criminal actions the rule now prevailing in this state requires that defendants jointly charged shall be tried jointly "unless the court order separate trials." (Pen. Code, sec. 1098.) The court in its discretion may order a separate trial, but is not bound or required to do so upon the mere request of any defendant. (*People* v. *Anderson*, 59 Cal. App. 408, 431 [211 Pac. 254].) This is in accordance with the common law. (*United States* v. *Marchant*, 12 Wheat. (U. S.) 480 [6 L. Ed. 700, see, also, Rose's U. S. Notes]; *People* v. *Perry*, 195 Cal. 623 [234 Pac. 890].) [2] Assuming that in some case there might be such an abuse of discretion, in denying a separate trial, as would call for reversal of a judgment of conviction, it does not appear herein that, upon the facts which were placed before the court in support of the motion of appellant Walden, there was any error in the court's order.

[3] Each of the two appellants contends that as to him the evidence is insufficient to sustain the verdict. The house that was burned, together with the land on which it was situated, had been sold by one Mrs. Cummings to the Waldens for $2,300, of which, at the time of the fire, they had paid $630. In the meantime the Waldens had sold the property to Mrs. Sophie Gwertz at the agreed price of $3,000, of which she had paid approximately $600. At the time of the fire there was a $3,000 insurance policy on the house, which was issued to Mrs. Cummings with an attached "contract of sale clause" in favor of C. B. and E. F. Walden, covering their interest in the property under their contract with Mrs. Cummings.

There is an abundance of testimony about the circumstances of the fire showing that it was of incendiary origin. The evidence is likewise amply sufficient to sustain the verdict against defendant Colson. There was introduced in evidence a statement which appears to have been freely

and voluntarily made by Colson to the county fire-warden. In that statement Colson described in much detail how he had entered the house with a pass-key, where he assembled various combustible materials and set fire to the house. He said that he did it "to secure the love of a girl," Mrs. Walden; that he thought she might leave her husband, and especially if the husband did not have anything at all; that he thought that if he did this they might separate and he would get the girl. There are, in the evidence, some facts concerning the friendly relations between the Waldens and Colson which tend to support this theory of Colson's motives.

[4] Concerning Clarence B. Walden a very different case is presented. There was introduced in evidence a statement made by Mrs. Walden, to some extent implicating her husband in the burning of the house. The jury was properly instructed that it must not consider that statement as evidence against her husband. It will be presumed that the jury obeyed that instruction. Defendants Walden were living in the house in question, as tenants of their vendee, Mrs. Gwertz, at the time of the fire. According to uncontradicted testimony the Waldens left home in their automobile after noon in the day preceding the night of the fire, and did not return to the neighborhood of their home until after the fire had occurred. Also there was introduced in evidence a statement made by appellant Walden, wherein he told the assistant fire-warden, Kennedy, about the places where he and his wife had been during the afternoon and night. According to Kennedy's testimony ·Walden said that "going home they got to within a block of the house when he saw it in flames; he said he turned around and beat it to Bakersfield. I asked him why, when he saw his house burning, why he did not go to find out the cause, or try to put it out; he said he was afraid on account of his bad record that he would be suspected; he said he went to protect his wife." This is the only competent evidence in the record which can be said to be evidence tending to connect appellant Walden with the burning of the house. It shows flight under circumstances which might be taken as evidence of consciousness of guilt, if there had been any other incriminating evidence against him. But taken alone,

it is not sufficient even for that purpose. There is no evidence that at that time Walden knew that anybody had set fire to the house. In other words, there is no evidence that he knew that a crime had been committed or that he was likely to be accused thereof.

The judgment against appellant Colson and the order denying his motion for a new trial are affirmed. The judgment against appellant Walden and the order denying his motion for a new trial are reversed.

Curtis, J., and Hahn, J., *pro tem.*, concurred.