[Crim. No. 1334.   Fourth Dist.   Feb. 21, 1958.]

THE PEOPLE, Respondent, v. ROBERT H. CHOATE, Appellant.

Phillip Crittenden, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant was charged in two counts of an information with violations of section 476 of the Penal Code, and in a third count with violating section 476a of that code.   In Count 1 he was charged with uttering and passing a fictitious check on April 8, 1957, purporting to

be signed by one Walter H. Scott, when he knew that there was no such person in existence and knew that this check was fictitious. In Count 2 he was in like manner charged with uttering and passing on April 9, 1957, another fictitious check which was purportedly signed by Walter H. Scott. In Count 3, he was charged with uttering and delivering on or about February 15, 1957, two checks drawn by one Eugene Montigo on a certain bank knowing that Montigo did not have sufficient funds in or credit with the said bank for the payment of said checks. A jury found him guilty on all three counts, and he has appealed from the judgment sentencing him to prison.

The evidence is amply sufficient to sustain the conviction on all three counts. The appellant cashed all of the checks involved therein at stores or places of business, and in most instances received both merchandise and a balance in cash. He claimed to have sold to this man Scott a membership in two different country clubs and that he received the checks involved in the first two counts in payment therefor. There was evidence that he was not working for these clubs at the time in question, that he never turned over any such memberships to the clubs, and that no such Scott had ever lived in that area. His explanation of these transactions was far from satisfactory, and there was evidence fully justifying the inference that he knew that these checks were fictitious. With respect to Count 3 it appears that the appellant sold two articles to Montigo; that Montigo told him that he had no checking account in any bank; that Montigo signed the checks on appellant's statement and agreement that he would hold the checks for two or three months while he went on a trip to Texas, and that on his return he would return the checks to Montigo for the amounts named on their face; and that the appellant cashed one of these checks the same day he received it and the other on February 26, 1957.

The appellant does not question the sufficiency of the evidence to sustain the jury's verdict, and the sole point raised on this appeal is that the court erred in admitting evidence concerning certain other checks cashed by the appellant, it being contended that since these acts or offenses had no relation to the acts with which the appellant was here charged such evidence was inadmissible. The evidence thus objected to related to a check for $800 given by the appellant to a Robert Goodwin on December 23, 1955; to four checks given to the appellant by one Heide in March, 1956; to three checks

given to the appellant by one Hancock in May, 1956; and to a check given by the appellant to University Motors on May 11, 1957. The evidence with respect to the latter check came in by way of rebuttal. All of these checks were issued or cashed by the appellant and payment on all of them was refused because of insufficient funds when they were presented to the respective banks. Evidence with respect to these checks was received for the purpose of showing intent or the use of a common scheme or design embracing both such acts and the acts with which the appellant was here charged.

The Goodwin check was given in part payment for goods previously sold to the appellant by Goodwin. When Goodwin told the appellant that the bank had refused to honor the check the appellant told him to redeposit it. The check was redeposited but the bank again refused to honor it, and Goodwin never received any payment on the check. The appellant testified that when he gave the check he had sufficient money in the bank to pay it; that there was sufficient money there for several days after he delivered the check "and probably until December 23"; and that his business was attached on January 12 and he was forced into bankruptcy. It is argued that this check transaction is in no way similar to the transactions with which the appellant was charged because he had money in the bank up to the time he withdrew it; because he and not a fictitious person signed the check; because he issued the check for a past debt and not to obtain ready money; and because this check was drawn on a different bank than the ones involved in the charges here made. It is further argued that it was not shown that he had a criminal intent in the Goodwin transaction. No such dissimilarity appears as would make the evidence as to this check inadmissible and the evidence, including the fact that Goodwin was told to redeposit the check after the appellant knew that it was not good, would justify an inference adverse to the appellant with respect to his intent.

With respect to the Heide and Hancock checks it is argued that these acts were not similar to the acts involved in the charges here made and therefore had no logical tendency to prove any element of the acts charged. With respect to all of these checks the appellant received the checks from other persons, cashed them, and they were subsequently dishonored. A sufficient similarity appears. It is further argued in connection with these checks that there was no evidence showing that the appellant knew or should have known that Heide or Hancock did not have sufficient funds in the banks to cover

these checks. While the evidence was not complete in this regard, the appellant had cashed these seven checks within a period of two months at various places of business and had not presented any of these checks at the bank on which it was drawn or at any other bank. The general circumstances were very similar to those in the other acts or offenses where it was shown that he did know that there was not sufficient funds in the banks to cover the checks he had passed. In *People* v. *Hutchings,* 56 Cal.App. 397 [205 P. 480], it was pointed out that the claimed failure to show such knowledge could not properly have been passed upon by the trial court until the evidence of the other offenses was all in, and that in such a situation the court would have no opportunity to pass upon the point unless a motion to strike was made giving the court an opportunity to instruct the jury to disregard that evidence. Here, no objection was made other than a motion to strike which was made solely on the ground that the evidence of these other checks was irrelevant. The attention of the court was in no way called to the fact that the evidence was incomplete in not showing that the appellant knew that there was insufficient funds in the banks to cover these checks. Assuming that any error appears in this connection it cannot be held, in view of the strong evidence of appellant's guilt with respect to the acts here charged, that any such error was sufficiently prejudicial to justify a reversal.

With respect to the University Motors check it appears that the appellant bought a truck from University Motors, turning over an old car worth $25 and giving the company a check for the balance of the down payment which he signed "Richard Choate," this being the name of his 8-year-old son. There was no such account in the bank and the check was not paid. The appellant had represented himself as being Richard Choate during this transaction, and when he was informed that the check had been dishonored the appellant said that the truck had been stolen from him and he could not return it. It is argued that this transaction was not similar to the crimes with which he was charged; that he had given the salesman information that if followed up would have led to disclosing his identity; that both parties believed that the check was intended merely as a note; and that this evidence would not tend to prove that appellant knew that the Walter H. Scott checks were not good, or that Eugene Montigo did not have sufficient funds in the bank. While

this transaction was not similar in all respects to the acts with which the appellant was charged there was sufficient similarity in many respects to make the evidence admissible on the question of intent, and it is not even claimed, with respect to this transaction, that the appellant did not know that this check would not be honored at the bank. While there was some conflict in the evidence in regard to this transaction, this merely presented a question of fact for the jury.

In view of the strong evidence of appellant's guilt in connection with the offenses charged we find no reversible error in the record, and we are far from convinced that any miscarriage of justice has occurred.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.