[Crim. No. 6735.   Second Dist., Div. Three.   Dec. 18, 1959.]

THE PEOPLE, Respondent, v. HARRY C. CUTHBERT-
SON, Appellant.

Harry C. Cuthbertson, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

VALLÉE, J.—A jury convicted defendant of having, on April 12, 1958, issued a check for $15 drawn on Security Bank to Bernard Turk of Los Feliz Launderette knowing that he had not sufficient funds in, or credit with, the bank to meet the check in full on its presentation for payment, and of having been convicted of the same offense in 1957. Appearing in propria persona, defendant appeals from the judgment and an order denying his motion for a new trial.

On April 12, 1958, defendant gave a check for $15 drawn on Security Bank to Bernard Turk of Los Feliz Launderette in payment of a bill for $1.85. The check was dishonored.

On March 14, 1958, defendant gave an employee of a Safeway store a check for $20 drawn on Security Bank for $20 cash. The check was dishonored.

On April 16, 1958, defendant gave a service station attendant a check for $20 drawn on Security Bank for gasoline and change. The check was dishonored.

On April 17, 1958, defendant gave Sam Abajaian a check for $20 drawn on Security Bank for a couple of drinks and a dinner and $5.00 cash. The check was dishonored.

Defendant had had an account in Security Bank. It was closed February 8, 1955. It was never reopened. Defendant had no credit with the bank for payment of the checks.

Defendant was arrested in Atlanta, Georgia, in October 1958. On October 29 Officer Young of the Los Angeles Police Department returned him to Los Angeles. Defendant told Officer Young he had written and passed the checks we have referred to and a number of others; he had had an account at Security Bank about two years previous; he knew it was closed; he took a checkbook that belonged to his wife to write the checks.

Defendant's brief is a long narrative of fancied injustices done him not only in the trial court but elsewhere, none of which are borne out by the record. We can only consider matters appearing in the record.

The evidence is sufficient to sustain the verdict. Defendant contends he was "framed" by bank officials for depraved purposes of their own. There is nothing in the record

to support the claim. Defendant testified and admitted he wrote "each and every check" and cashed them himself; he knew he had no account in, or credit with, Security Bank. The evidence is sufficient to support the conviction of defendant for issuing the check on which the prosecution was based.

At the trial defendant complained of the reception of evidence with respect to the other checks. The evidence was admissible to show that the check on which the prosecution was based was made and delivered "wilfully, with intent to defraud." (Pen. Code, § 476a; *People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A. N.S. 667]; *People* v. *Montgomery,* 135 Cal.App.2d 507, 512 [287 P.2d 520].)

Mr. Abajaian, who cashed the check of April 17, 1958, for defendant, said he did so because defendant was accompanied by the manager of the Frostonya Apartment Hotel. After Mr. Abajaian so testified, defendant said to the court: "Your Honor, may I have the manager, whoever he is, of the Frostonya Apartments?" Later he asked that a deputy sheriff or a bailiff be sent out to the Frostonya "or that a search of the tax records be made to determine the owner of that apartment and see if we can't find the supposedly apartment manager of April last year and have him come down here so I can prove that the witness perjured himself." The court stated: "I don't see the materiality of that, Mr. Cuthbertson." There was no offer of proof as to what the testimony of the manager would be, or as to what facts the search might reveal. Defendant was not prejudiced by the refusal of the court to comply with his request. Mr. Abajaian testified to cashing the check for defendant. Defendant admitted writing and cashing it, and admitting having no account in the bank or credit with it. The court did not err in denying defendant's request or motion.

Defendant makes numerous other suggestions of error. He says his arrest was illegal; his counsel was prejudiced; there were irregularities in prison administration to his prejudice; and the probation report was inaccurate. There is nothing in the record to support these claims. We cannot consider them. (*People* v. *Justice,* 167 Cal.App.2d 616, 621-623 [334 P.2d 1031].) Defendant misconceives the functions of the reviewing court on appeal. We only decide questions of law and are confined to the record in doing so. When a claim is made, as it is here, that the evidence does not sustain the verdict, it must be made to appear that on no hypothesis whatever is there sufficient substantial evidence to support the con-

clusion of the trier of fact. In the present case not only is no such showing made but, on the record, the jury could not reasonably have rendered any verdict other than guilt.

Defendant was accorded a fair trial, free from any error.

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Ford, J., concurred.