[Crim. No. 3056. Third Dist. June 20, 1960.]

THE PEOPLE, Respondent, v. HENRY E. BRIMMAGE, Appellant.

E. R. Williams, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Appellant Henry E. Brimmage and his wife, Mary Roxie Brimmage, were jointly charged by information with two counts of statutory rape and one count of attempted rape. Prior to the trial counsel for appellant made a motion for a separate trial for appellant. It was contended that it would be prejudicial to appellant if a joint trial were held because of the nature of the offenses and because evidence admissible against Mary Roxie Brimmage and not against appellant would be introduced. Appellant contended that the prejudicial effect of this testimony would not be cured by an instruction. The motion was denied by the trial judge and appellant and his wife were tried jointly. Both were found guilty on all three counts, and appellant has appealed from the judgment pronounced on the jury's verdict.

No question is raised as to the sufficiency of the evidence to support the conviction, so it is unnecessary to detail the sordid evidence relating to the acts. At the trial each of the minor female persons involved testified to the subject matter of the offenses and the surrounding circumstances. Appellant took the witness stand and admitted knowing the girls involved and that they had been at his house, but denied the acts, the subject matter of the alleged offenses. Likewise, appellant's wife testified in her defense and categorically denied that appellant had committed the acts in question. There was however admitted into evidence a statement taken from appellant's wife by Undersheriff Ollar after her arrest and prior to trial. In this statement appellant's wife admitted that each of the minor girls involved had been invited to appellant's home for

the purpose of giving appellant the opportunity to have intercourse with them, and that in substance she had done this because of appellant's request to her that she do this. Neither of the defendants consented to the testimony of the other defendant against themselves.

At the time that the statement was received into evidence the court instructed the jury that the statement was limited to the case against appellant's wife and could not be considered as evidence against the appellant.

Appellant's principal contention is that the trial court committed prejudicial error in giving Defendant's Instruction Number 17, as modified, together with the Court's Instruction Number 1.

Defendant's Instruction Number 17, as modified and given by the court, is as follows:

"You are instructed that the husband, Henry E. Brimmage, and the wife, Mary Roxie Brimmage, have not consented to their testifying for or against the other.

"You are therefore instructed that the testimony of Henry E. Brimmage must be taken to concern charges against Henry E. Brimmage only, and the testimony of Mary Roxie Brimmage, including any ~~statements, declarations~~ *admissions* or ~~alleged~~ confessions made by her, must be taken to concern the charges against Mary Roxie Brimmage only. The testimony of each of said parties to this action is admitted for the limited purpose above described ~~only~~, and is not to be considered by the jury as relating to the other party in this action."

The court's Instruction Number 1 is as follows:

"Statements and declarations made by one defendant not in the presence of the other defendant are ordinarily not admissible as evidence against the other defendant. However, when it is shown by the evidence that a common design existed between the defendants to accomplish an unlawful act, then acts and declarations of a defendant during the time of the accomplishment of the unlawful act and in furtherance of the common design are admissible in evidence against all or both defendants."

In support of the claim of prejudicial error in giving these instructions, appellant argues that defendant's Instruction Number 17 as modified and given relates only to the testimony of appellant's wife during the trial and not to her extrajudicial statement given to Undersheriff Ollar and admitted during his testimony. This contention is without merit.

■ Defendant's Instruction Number 17 as modified and given by the court was not confined to the testimony of defendant's wife given during the trial. This instruction provided that any admissions or confessions made by appellant's wife must be taken to concern only the charges against her. Such provisions clearly embraced the extrajudicial statement given by appellant's wife to Undersheriff Ollar.

At the time of the introduction into evidence of the statement by appellant's wife to Undersheriff Ollar, the court characterized the statement as a confession. Before the statement was read to the jury the court specifically instructed the jury that it was only applicable to appellant's wife and could not be considered as evidence against the appellant. Furthermore, at the time Mrs. Brimmage took the stand, the court upon request of appellant's counsel instructed the jury that her testimony would only pertain to her and could not be applied to the appellant.

■ It was of course proper for the People to introduce evidence of admissions or statements claimed to have been made by appellant's wife as evidence against her, and it was likewise proper to cross-examine her in detail as to said statements when she sought to repudiate them. Such statements of appellant's wife were not in the presence of appellant and were of course inadmissible as to him and not binding upon him, and the jury was so informed not only once but several times. The following quotation from *People* v. *Tucker*, 77 Cal.App.2d 560, at page 567 [175 P.2d 872], is applicable here:

". . . The rights of appellant were as well protected as it is possible to protect a codefendant in a criminal case against statements or admissions made by his codefendant. The jury was carefully and correctly instructed in this regard and we must assume in the absence of a contrary showing that the jurors heeded the instructions of the court. ■ In *People* v. *Burdg*, 95 Cal.App. 259, the court said at page 268 [272 P. 816] : 'It is true, the prosecution was allowed to introduce in evidence at the joint trial extrajudicial declarations made by the respective appellants out of the presence of the other, but this situation of itself does not give defendants jointly charged the absolute right to separate trials, because if such were the rule then in no case could there be a joint trial when part of the evidence against the joint defendants consisted of extrajudicial statements; furthermore, in the present case, the record discloses that in admitting said declarations the

trial court in each instance carefully and properly instructed the jury to the effect that the rights of the absent party were to be in no way affected thereby; and we must presume, in the absence of a contrary showing, that the jury followed those instructions. (*People* v. *Prather*, 134 Cal. 436 [66 P. 589, 863].)' See also 4 Cal.Jur. 10-Yr. Supp. (1943 Rev.) 656, sec. 194, and the cases of *People* v. *Matthew*, 194 Cal. 273 [228 P. 424] ; *People* v. *Yeager*, 194 Cal. 452 [229 P. 40] ; *People* v. *Jordan*, 24 Cal.App.2d 39 [74 P.2d 519] ; *People* v. *Trotter*, 120 Cal.App. 54 [7 P.2d 731] ; and *People* v. *Walden*, 75 Cal.App. 565 [243 P. 25].)''

 Appellant contends also that the alleged error in giving Instruction Number 17 as modified by the court was aggravated by the court in giving its own instruction Number 1. Appellant contends that the court's Instruction Number 1 conflicts with his privilege under section 1322 of the Penal Code. This section provides that with the exception of certain crimes neither husband nor wife is a competent witness for or against the other in a criminal action except with the consent of both. We do not agree.

The court's Instruction Number 1 provided that when it is shown that a common design existed between the defendants to accomplish an unlawful act then acts and declarations of a defendant during the time of the accomplishment of the unlawful act and in furtherance of the common design are admissible in evidence against all or both defendants.

In the instant case appellant and his wife were jointly charged with the commission of the same offenses and were tried together. Appellant's wife was called by her own separate counsel to testify in her own behalf. The jury was instructed several times that any testimony by her could not be used against appellant, and we must presume that the jury followed such instructions. All of the instructions given by the court must be considered and read together, and while the court's Instruction Number 1 might well have been omitted, we do not believe that any reversible error resulted from giving it. The evidence against appellant was clear, strong and convincing and we are satisfied that no miscarriage of justice has resulted.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J., pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.