[Crim. No. 1463.   Fourth Dist.   June 23, 1961.]

THE PEOPLE, Respondent, v. NICK K. SPAISE, Appellant.

Robert E. Kronemyer for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged with issuing a check without sufficient funds, in violation of Penal Code, section 476a, in that, on or about January 29, 1959, he delivered and passed a check to George C. Blackie at the El Cortez Hotel in San Diego in the amount of $150, drawn on the Bank of America, Inglewood Branch, knowing that he had no funds in said bank to meet the same, and with intent to defraud. He entered a plea of not guilty. After a jury trial, he was found guilty as charged. His motions for a new trial and for probation were denied and he was sentenced to state's prison.

The contentions presented on this appeal are that the evidence presented was insufficient to sustain the conviction and the trial judge erroneously admitted evidence of other offenses.

Defendant registered at the El Cortez Hotel, room 901, on January 19, 1959. Later he was joined by his identical twin brother Sam. On January 24, 1959, defendant, with his brother, checked out of the hotel and a bill was presented to defendant. Defendant and his brother discussed the share of the hotel bill each would pay. Two checks were given in payment of the bill. Defendant gave the check for $150, as charged. Blackie was presented with another check drawn on an out-of-state bank. There was some indefiniteness in Blackie's testimony as to which person presented the checks. However, he said defendant and his brother were the only two people at the desk at the time. The check here charged was later returned by the bank as unpaid. Neither party told Blackie that there was no account in existence or that there were insufficient funds in the bank to meet the check on presentation. It appears that the charges defendant incurred during the four-day stay amounted to $223 and Sam Spaise signed for additional charges of $30.87.

The banker identified the $150 check and testified that defendant had no account under the name of Nick K. Spaise in that bank. He testified, however, that in checking through the record, he found other checks drawn by defendant on that bank. These checks were received in evidence.

The assistant manager of the Lafayette Hotel in Long Beach testified that he saw defendant and his brother together on February 28, 1959, and the twins stayed together at his hotel. He identified two of three checks drawn on the Bank of America, Inglewood Branch, totaling $142.18, given by them in closing that hotel account, which checks proved to be drawn on a nonexistent account. He also testified that they established credit at that hotel on the basis of an air travel card held by Sam.

Another banker testified that on December 14, 1956, defendant opened an account in his name in the Citizens National Bank, South Bay Branch, for $150; that on January 7, 1957, the account was overdrawn; on January 27, 1957, the account was closed and at least 14 checks had been returned by the bank to the drawee as unpaid. Some of these identified checks were dated nine months to a year after the account was closed and defendant had no credit arrangement with the bank to pay them. He further testified that at the main branch of the Citizens National Bank, the ledger showed defendant opened a checking account with $200 on January 25, 1957.

By July 18, 1957, this checking account was overdrawn, and during that period about 45 overdrawn checks were indicated. Many of these checks were received in evidence.

Sam Spaise, as a witness at the trial, testified that he and Nick did stay together at the El Cortez Hotel but he denied that he wrote the check charged. He acknowledged that other checks in evidence were his. A handwriting expert testified that exhibit one (the check charged) was written by defendant Nick K. Spaise, as well as the checks passed at the Lafayette Hotel. He further testified as to certain other checks in evidence and said they were written and signed by defendant although they purported to be signed by "Samuel Spaise." He said one group of checks was signed by Samuel and another by Nick.

Defendant, on his arrest, was searched and in his car was found a check drawn on a bank in Minnesota and purportedly signed by Samuel. Defendant admitted he had forged his brother's name, that he had no account in that bank, and that he intended cashing the check but had not had the opportunity. Later, he admitted writing one of the checks in evidence purportedly signed by Samuel Spaise. He then stated that in June 1957 he had financial and marital trouble and started writing no-account checks in the Southern California area, including checks written on Citizens National Bank at Redondo Beach and a bank in Minnesota; that he had used his true name on some of these checks and on others he had forged his brother's name, without his permission; that he had no idea as to the number and that he knew there was insufficient funds in the bank when he drew them. The admissions were reduced to writing, read and signed by defendant.

On this appeal, it appears that the main contention is that the People did not prove, even by a preponderance of the evidence, that defendant was the person alleged to have passed the check charged. This argument is bottomed on the fact that Blackie was unable to recall which of the two Spaise brothers, Nick or Sam, had actually handed exhibit one to him, or whether the check was actually written out in Blackie's presence.

Identification is a factual question and identification of a defendant may be made on the basis of circumstantial evidence. (*People* v. *Hightower,* 40 Cal.App.2d 102 [104 P.2d 378]; *People* v. *Luizzi,* 187 Cal.App.2d 639, 648 [9 Cal.Rptr. 842].)

Here, we have some identification of the defendant at the time he registered at the hotel and of defendant and his brother at the time the check was passed. Sam Spaise testified that they both checked out of the hotel but he claims he checked out either before or after his brother. He was shown exhibit one ($150 check) and said he did not make it out and knew nothing about it. The testimony of Blackie was that one of the brothers gave him this check. Defendant Nick Spaise failed to testify at the trial and accordingly never denied, under oath, that he wrote, uttered and passed the check charged. His signed confession or admissions related that he started writing no-account checks in the Southern California area; that he used his true name on them and a majority of them were written on the Citizens National Bank, Redondo Beach Branch, and he had no idea how many of these checks were out. The expert testimony showed exhibit one was in the handwriting of the defendant, which fact he does not dispute. From the facts and circumstances related, the evidence was sufficient to show that defendant and his brother were sufficiently identified and that they jointly participated in making, uttering and passing the check (exhibit one) with intent to defraud.

Objection is now made as to the receipt in evidence, over objections, of the various exhibits and checks otherwise indicated, on the theory that evidence of other separate offenses is not admissible. Defendant claims that he was thereby prejudiced.

It is proper to admit evidence for many purposes concerning other checks and offenses where the transactions concerning them are similar to the transactions with which the defendant is charged. (*People* v. *Choate,* 157 Cal.App.2d 782 [321 P.2d 815] [intent, common scheme and design]; *People* v. *Megladdery,* 40 Cal.App.2d 643 [105 P.2d 385] [knowledge and no credit]; *People* v. *Cuthbertson,* 176 Cal. App.2d 393 [1 Cal.Rptr. 435] [wilfully and with intent to defraud]; *People* v. *Copeland,* 169 Cal.App.2d 713 [338 P.2d 1] [exemplar—proof of handwriting in *re* forgery].) The record further shows that in the ruling of the trial court it said it would admit this evidence under an instruction that the jury could only consider it for a limited purpose. The instructions given or refused were not brought up with the record. No contention is made that such an instruction was not given. A reading of the entire record indicates that it

was given. ██  Other exhibits were properly admitted as exemplars of defendant's and his brother's handwriting or to show identification, scheme, design, knowledge and fraudulent intent. (*People* v. *Peete,* 28 Cal.2d 306, 314 [169 P.2d 924]; *People* v. *Lindsey,* 188 Cal.App.2d 471, 480-481 [10 Cal.Rptr. 488].)

██ The corpus delicti was sufficiently established to admit the claimed confession. (*People* v. *Lane,* 144 Cal. App.2d 87, 89 [300 P.2d 321]; *People* v. *McWilliams,* 117 Cal. App. 732, 736 [4 P.2d 601].) Other contentions made by defendant as to the admission of certain exhibits and testimony respecting them are entirely without merit. We have examined the entire record and exhibits received and we are convinced that the defendant had a fair and impartial trial and that no prejudicial error appears.

Judgment and order denying new trial affirmed.

Shepard, J., and Coughlin, J., concurred.