[Crim. No. 3910.   First Dist., Div. Three.   Feb. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. OSCAR W. RESEIGH, Defendant and Appellant.

302

Ralph L. Coffman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant was found guilty of violation of section 476a of the Penal Code of the State of California in that he delivered to George Gallagher a $200 check, knowing at the time that he had not sufficient funds or credit with the bank. On his appeal from the judgment and from the order denying motion for new trial, he does not challenge the sufficiency of the evidence to support the conviction, but claims that certain errors during the course of the trial were sufficiently prejudicial to cause reversal.

It is admitted by appellant that the check was not good. There was evidence that prior to April 13, 1960, the date of the check upon which appellant was convicted, seven other checks on the same bank were returned because of insufficient funds, and thereafter 20 checks were unpaid because the account was closed. The police inspector testified that appellant admitted, after his arrest, that when he wrote the particular check in question, he knew it was worthless. He stated that he was not concerned with the checks he had cashed in other states than California, because the offenses elsewhere were misdemeanors. Appellant did not testify at the trial.

Appellant's first contention is that evidence of similar crimes committed within a few weeks of the offense in question should not have been admitted. It is well established that such evidence is admissible in order to show wilfulness and intent to defraud. (*People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A. N.S. 667] ; *People* v. *Montgomery,* 135 Cal.App.2d 507, 512 [287 P.2d 520] ; *People* v. *Cuthbertson,* 176 Cal.App.2d 393, 395 [1 Cal.Rptr. 435]. See also *People* v. *Weir,* 30 Cal.App. 766 [159 P. 442].) The trial court instructed the jury that this evidence was admitted for that limited purpose, and it must be presumed that the jury followed these instructions. (*People* v. *Brimmage,* 182 Cal. App.2d 66, 70 [5 Cal.Rptr. 661].)

The prosecuting attorney, in his opening and closing statements, used the terms "con man" and "paperhanger" several times to apply to appellant. He also stated that the appellant was cheating people throughout the states and that he passed checks all over. Appellant contends that these statements were clearly outside the scope of argument permitted the prosecuting attorney, that they prejudiced the appellant's case in the minds of the jurors. Appellant made no objection to these statements during the trial, nor did he request the court to admonish the jurors to disregard the statements. It is a well known rule that such objections cannot first

be raised on appeal (*People* v. *Codina,* 30 Cal.2d 356, 362 [181 P.2d 881]; *People* v. *Patterson,* 118 Cal.App.2d 45, 48 [256 P.2d 992]), and the fact that the appellant represented himself at the trial cannot be considered an excuse for this failure (*People* v. *Harmon,* 54 Cal.2d 9, 15 [351 P.2d 329]).

▇▇▇▇ The terms used by the district attorney were commonplace colloquialisms rather than inflammatory remarks. There was evidence of about 27 worthless checks issued within a short time, in at least three states.

▇▇▇▇ Appellant has requested the trial court to correct the reporter's transcript, and has asked this court's assistance in the matter, stating that the request has not been ruled upon by the trial court. The correction that he seeks is an addition to the argument of the district attorney in which, appellant asserts, the prosecutor referred to appellant as a "big shot" and said that he was "setting the stage driving up in [his] big Cadillac." It is unnecessary for this matter to be taken up by the trial court because, assuming that the remark was made by the district attorney, we find no prejudice in it. There is evidence in the record that on his check-writing journey appellant was driving a Cadillac, and he availed himself of the opportunity, as persons who represent themselves but do not testify frequently do, to make a factual statement in his argument to the jury, although he had not taken the witness stand, that it was a 1949 Cadillac and he even owed money on that.

▇▇▇▇ The next incident which appellant claims to have been error was the question by the district attorney about the relations between the appellant and his chief witness, a Mrs. Doris, whose testimony is discussed below, and the question of the judge to Mrs. Doris if she was living with appellant as his common-law life. This circumstance was properly admissible in helping the jury to decide upon the motive of the witness and the weight to be given to her testimony (*People* v. *Payton,* 36 Cal.App.2d 41, 55 [96 P.2d 991]). In any event, since the witness and the appellant had taken a trip together, commencing on April 17 and ending on August 17, and the jury had been informed of this without objection, there was no harm from the questions by the district attorney or by the court.

▇▇▇▇ We come now to what is probably the chief contention of appellant, which is that an error was made by the district attorney in his argument to the jury and that the error was confirmed by statements of the court. Appellant's

defense was that when he presented the check to Gallagher he told the latter to hold the check a few days. Mrs. Doris testified to that effect and testified that she was present at the time of the transaction and that it occurred on April 8, 1960, and not on April 13, 1960. The materiality of the date of April 8, says appellant, is that it would be more reasonable for the jury to believe that there had been a request to hold the check if it was presented on April 8, as Mrs. Doris testified it was, than if it was presented on April 13, the date which the check bears.

The district attorney, in his argument, stated that Gallagher had testified that at the time the check was passed there was one clerk on duty, whereas Mrs. Doris had said there were two. Defendant objected at once that Gallagher had not so testified. The court stated that Gallagher had so testified, and the district attorney said that was his understanding, too. Actually, Gallagher had not given any testimony on the subject. The court thereupon stated that on April 13, Gallagher was the only clerk on duty. This was correct, but defendant was making the point that the check had been cashed, not on the 13th but on the 8th. He complains that the misstatement by the court and by the district attorney prejudiced him in two ways, namely, it destroyed or weakened his contention that the actual date had been the 8th, and it threw discredit on the testimony of his chief witness, Mrs. Doris. We do not find the error to have been prejudicial.

The main point of dispute between Gallagher and Mrs. Doris was not the matter of the date but whether or not defendant had asked Gallagher to hold the check. On this subject, Gallagher testified positively that no such request had been made, as against Mrs. Doris' testimony that it had been made. Mrs. Doris also testified that a similar request to hold a check had been made to the witness Bequette of Rancho Sierra Inn, where another of defendant's checks was passed, and Bequette testified positively that no such request had been made.

Furthermore, the court instructed the jurors that they must determine for themselves all questions of fact, without regard to any opinion they may suppose the judge to have or to entertain, and in particular that the court in no manner or form intended the jurors to understand that the court was expressing an opinion as to the truth or falsity of the testimony of any witness, or as to whether any alleged fact was or was not proved.

306

■ Appellant contends that the trial court erroneously denied him a continuance for the purpose of presenting witnesses who would testify that at one o'clock on the morning of April 14 appellant was present at Mrs. Doris' home. The cashing of the check, Gallagher had testified, took place about 11 o'clock on the night of April 13. The court was of the opinion that the matter was not of sufficient importance to warrant a continuance and that the request for the continuance, coming on the second but last day of the trial, was belated. The determination of the court in denying a continuance will not be disturbed unless there appears a clear abuse of discretion (*People* v. *Hanz,* 190 Cal.App.2d 793, 796-797 [12 Cal.Rptr. 282]), and we find no such abuse here.

The judgment and order denying motion for new trial are affirmed.

Draper, P. J., and Salsman, J., concurred.