UNITED STATES v. RICE et al.

(Circuit Court, S. D. New York. December 29, 1911.)

BAIL (§ 42*)—BAIL DURING TRIAL—RIGHT TO.

Under Rev. St. § 1015 (U. S. Comp. St. 1901, p. 718), providing that bail shall be admitted upon all arrests for offenses not punishable by death, a defendant accused of a noncapital felony is not entitled as a matter of right to bail during his trial.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 139–152; Dec. Dig. § 42.*]

George Graham Rice (alias Herzog) and others having been indicted for felony, he applies for bail during his trial. Application denied.

G. H. Dorr, Abel I. Smith, and W. H. Pitkin, for the United States.
Louis J. Vorhaus, E. J. Myers, and Ernest Baldwin, for defendants.

RAY, District Judge. Prior to the commencement of this trial of the defendant Rice and others on an indictment for using the mails to carry out a scheme to defraud, the defendants had been arrested and admitted to bail on a similar charge contained in a prior indictment. Defendants appeared and pleaded not guilty to the present indictment, and the trial thereon was commenced, and is now in progress. No bench warrant was issued, and no bail fixed or applied for until December 26th, when circumstances arose which in the judgment of the United States attorney made the actual apprehension of the defendant Rice necessary. A bench warrant was issued, and Rice was apprehended thereon by the United States marshal, and the court ordered him into the custody of the marshal during the trial. His counsel ask to have bail fixed, and that Rice be enlarged on such bail during the trial. Conditions are such that in the opinion of the court the presence of Rice during the trial, and, if necessary, thereafter can only be secured and the jury protected against unlawful approaches and attempts to corrupt by holding him in actual custody.

The question presented is whether a defendant on trial for a felony (not a capital case) is entitled as matter of right to be enlarged on bail during the progress of such trial. Section 1015, R. S. U. S. (U. S. Comp. St. 1901, p. 718), provides that "bail *shall be* admitted upon all arrests in criminal cases when the offense is not punishable by death." By section 1016, R. S. U. S. (U. S. Comp. St. 1901, p. 718), it is also provided that "bail *may be* admitted upon all arrests in criminal cases when the punishment may be death." The statutes of the United States are silent as to bail during the progress of the trial. The Supreme Court of the United States, however, has placed a construction on this statute founded evidently on the rules of the common law. In Hudson v. Parker, 156 U. S. 277, 285, 15 Sup. Ct. 450, 453 (39 L. Ed. 424), the court said:

"The statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest *and before trial*, but after conviction and pending a writ of error. The statutes as to bail upon arrest and *before trial* provide that bail 'may be admit-

ted' upon all arrests in capital cases, and 'shall be admitted' upon all arrests in other criminal cases; and may be taken, * * *" (citing the statute quoted).

The words "and before trial" and "before trial" were entirely unnecessary if the court intended to intimate or hold that bail during the progress of the trial is a matter of absolute right. It is in accord with reason that during the progress of a criminal trial for felony the presence of the defendants may be assured by having them in actual custody. At common law in cases of felony at first no bail was permitted. Then bail before trial, but not during the trial, was permitted. This was the law when the act of September 24, 1789 (1 Stat. 91, c. 20, § 33), was enacted. Section 1018, R. S. U. S. (U. S. Comp. St. 1901, p. 719), and Act Aug. 8, 1846 (9 Stat. 73, c. 98, § 4), provides that:

"Any party charged with a criminal offense and admitted to bail may, *in vacation*, be arrested by his bail, and delivered to the marshal or his deputy before any judge or other officer having power to commit for such offense," etc.

This excludes the power of the bail to voluntarily surrender their principal *during the progress of the trial* and be exonerated, and clearly contemplates that the accused may then be taken into the custody of the court and remain subject to its order and control.

The rest of the section last quoted reads as follows:

"And at the request of such bail the judge or other officer shall recommit the party so arrested to the custody of the marshal, and indorse on the recognizance or certified copy thereof the discharge and exoneration of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law."

As the bail may not surrender the principal during the trial (term) if the court has not power on its own motion to order the defendant into the custody of the marshal, the defendant during the trial may openly abscond, and the court and bail are powerless to prevent unless the bail take the defendant into their physical custody and hold him during the trial. I think the decisions of the Supreme Court and statutes quoted clearly contemplate that the defendant admitted to bail "before trial" may be taken into the custody of the court, and held subject to its order during the trial. The responsibility of the bail may, and I think does, continue during the trial, if defendant is not taken into actual custody. However, it is within the discretion of the court to take and hold the defendant in actual custody during the trial. As said, the court has the right to be assured of the continued presence of the defendant during the trial. It is an inherent power of the court and one to be exercised in its discretion the same as is the discretionary power to keep the jury together in the custody of the marshal during the criminal trial. It is not in the legal sense an imprisonment or a punishment, but a necessary step in the due administration of justice. The jury is placed in the custody of the sheriff in the state courts or of the marshal in the United States courts to insure them against outside and improper interference and influence, and why may not a defendant be placed in actual custody

to render fruitless his attempts, if any, to interfere with or influence jurors.

In Commonwealth v. Rusk, 7 Wkly. Notes Cas. (Pa.) 486, the court said that, when it appears to the court during the trial or the District Attorney shall so state to the court that the case is not one of murder, then "it is in the discretion of the court to admit the defendant to bail. Such was the uniform practice of the judges of the court of oyer and terminer as that court was organized prior to the adoption of the new Constitution." In 5 Cyc. the law is thus stated:

"Where the accused is free on bail, he may be ordered into actual custody *during the trial* of the case. Nor will bail be allowed during adjournments of the daily sessions of the court."

This is held also in People v. Williams, 59 Cal. 674, and People v. Beauchamp, 49 Cal. 41. In Adkins v. Commonwealth, 98 Ky. 539, 557, 33 S. W. 948, 953 (32 L. R. A. 108), the court held:

"It was within the discretion of the court to order defendants into actual custody when the trial commenced."

In People v. Cole, 6 Park. Cr. R. (N. Y.) 695, 702, the court said:

"The right in the court to admit to bail, even in cases of murder, must be conceded. It is a matter left to the discretion of the court."

In 15 Current Law, 437, it is said:

"Bail should be denied where it will not in all probability procure the attendance of the defendants."

In the Southern District of New York it has been not uncommon to order the defendants into custody during the trial.

Motion denied.