[Crim. No. 1025.   Fourth Dist.   Sept. 20, 1955.]

THE PEOPLE, Respondent, v. CHARLES RUDOLPH MONTGOMERY, Appellant.

Charles Rudolph Montgomery, in pro. per., and Charles E. Ward for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

SHELL, J. pro tem.*—Defendant and appellant herein was charged with a violation of Penal Code, section 476a, issuing a check without sufficient funds on May 10, 1953, and with the prior conviction of a felony. He was tried before a jury, which on October 29, 1954, returned a verdict of guilty. His motion for a new trial and application for probation were denied. He was committed to the California Institution for Men at Chino.

Appellant urges a reversal of the judgment of conviction upon the following grounds:

1. That the trial court committed prejudicial error throughout the course of the trial.

2. That the evidence adduced at the trial is insufficient, as a matter of law, to support and sustain the judgment of · conviction.

3. That the court improperly, erroneously and prejudicially instructed, and failed to instruct, the jury, as to the law applicable to the evidence adduced during the course of the trial.

4. That the trial court abused its discretion, to the prejudice of appellant, in its comments to the jury at the time of the giving of instructions.

5. That the trial court failed substantially to comply with the requirements of the law in the pronouncement of judgment against appellant.

6. That the trial court committed prejudicial error in denying appellant's motion for new trial.

The following facts were established at the trial: That on May 10, 1953, the accused issued a check in the amount of $800 to J. J. Weseloh, an employee of the Weseloh Chevrolet Company, drawn on the Solano Beach Branch of the Bank of America National Trust and Savings Association and received therefor from Weseloh $800 in currency; that on that date there were in fact no funds at said bank deposited in the name of the accused from which said check could have been paid. The principal issue therefore to be presented to the jury was the existence or lack of existence in the mind of the accused of an intent to defraud the payee of the check.

An account of the accused had been opened at the Solano Beach branch of the bank on August 6, 1951, and had been maintained there until March 11, 1953, when it was closed out by a check signed by the accused in the sum of $2,319.35,

*Assigned by Chairman of Judicial Council.

which check was presented at the bank by Charles Adams, admittedly an agent of the accused. This closing check was drawn in the exact amount of the balance then remaining in the account of the accused.

The accused contends that before he issued the check of May 10, 1953, he had instructed his agent Adams to redeposit the money withdrawn from the bank on March 11, 1953, and assumed that Adams had done so. However, there was received in evidence a letter written by the accused on March 12, 1953, to Mr. Hugh Bleu, the secretary of the Los Angeles Turf Club, concerning certain dishonored checks, cashed by Mr. Bleu and drawn on the same bank at Solano Beach, worded as follows:

"Mr. Hugh Bleu: Dear Hugh: During the past racing season just closed your club very kindly cashed approximately $115,000 in checks for me. I have one employee that looked after all deposits in this account for me. A new business venture demands all my available funds, so I left instructions that when outstanding checks had cleared to transfer any balance to another bank. Yesterday, while in Arizona, I received a call from my employee, saying that he had closed this account while either 1 - 2 - or 3 checks, were either returned or had not been presented. When you learn the correct amount of these checks please write, phone or wire me and I will send the amount. I sure regret that this has happened. Very truly,

"Monty Montgomery."

At the time of trial the three checks issued on the same bank at Solano Beach, signed by the accused, and issued on March 5th and March 7th, 1953, in the amounts of $5,000, $3,000 and $3,000, and cashed at the Santa Anita race track by authorization of Mr. Bleu, having been dishonored by the bank, remained unpaid.

Appellant contends that by reason of the admitted fact that at times the bank had honored checks written by him which resulted in overdrafts at the bank, he believed he had established a credit at the bank and that therefore he believed the bank would honor the $800 check upon which this prosecution was based. He also contended that he had delivered $10,000 to a Miss Marion Wells whom he had met at Santa Anita in March, 1953; that he had requested Miss Wells to take the money to the bank at Solano Beach and deposit it in his name; that he believed she had made the deposit until about six or seven weeks later when he, being in Tucson,

Arizona, received a note from Miss Wells, returning the $10,000 to him and stating that the bank had refused to accept the deposit, and that he thereupon returned the $10,000 to the man from whom he had obtained it. Each of these contentions was sufficiently refuted by the statement in the letter written by the accused to Mr. Bleu on March 12, 1953, the day after his account was closed, in which he wrote as hereinbefore set forth, among other things:

". . . so I left instructions that when outstanding checks had cleared to transfer any balance to another bank. Yesterday, while in Arizona, I received a call from my employee, saying that he had closed this account . . ."

Since the check involved in the charge was written and cashed on May 10th, 1953, the question of whether the accused believed in good faith that either the claimed redeposit of $2,319.35 had been made or the $10,000 fund had been deposited at the bank to the credit of the accused, became a question of fact for the jury. There would be no useful purpose served by a detailed recital of all the evidence in this case. We are of the opinion, after reviewing all of the evidence, that it is amply sufficient to support the finding of the jury and the judgment of the court. ▪ Before the verdict of a jury, which has been approved by the trial court, can be set aside on appeal it must be made clearly to appear that there is no substantial evidence to support the conclusion reached in the trial court. (*People* v. *Rose,* 9 Cal.App.2d 174, 176 [48 P.2d 1009].) The foregoing discussion disposes of appellant's contention number 2, that of insufficiency of the evidence.

As his first ground of appeal appellant contends that the trial court committed prejudicial error by the admission of evidence concerning the three checks written by appellant on March 5th and March 7th, 1953, and cashed by the Los Angeles Turf Club by authority of the witness Hugh Bleu. ▪ This objection, as we understand it, is based upon the contention that a proper foundation had not been laid for the reception in evidence of the testimony of the witness Bleu in that it was not shown that Bleu had personal knowledge of the making of these checks or of their being actually cashed at the request of the accused. We believe this contention to be sufficiently refuted by the letter written by the accused himself, hereinbefore quoted, and which itself admits the issuance of checks by the accused, and admits the closing of the account at the Solano Beach bank upon which

they were drawn. There was also received in evidence a telegram received by Mr. Bleu from the accused, dated March 19, 1953, eight days after the closing of the account, at Yuma, Arizona, reading as follows:

"Received number communications from you today. Forced to await signatures making certain sum available. Instantly monies available entire sum you mentioned plus interest will be forwarded direct to you. Regret extremely this situation. Ask your understanding patience until I can clear up. Regards.

"Monty Montgomery."

We therefore conclude that the foundation for the admission of this evidence was sufficient and that it was material to show the fraudulent intent of the accused at the time he issued the $800 check to Weseloh. Appellant also claims prejudicial error in the admission of evidence concerning the issuance and cashing of a check for $300 drawn on the same Solano Beach bank, but cashed at the Redlands branch of the Bank of America. This check was dated June 3, 1953, upon authorization of the witness Daniel ·A. McLeod, manager of the Redlands branch of the Bank of America, upon the request of the appellant. ▆ Appellant urges that the accused, after judgment had been pronounced and having been committed in the instant case, was brought to trial before the Superior Court of San Bernardino County on a similar charge involving the $300 check and was there acquitted of the charge of violation of Penal Code, section 476a, by the court sitting without a jury. While the disposition of the case in San Bernardino County is entirely apart from the record on this appeal, it is to be noted that case was there tried solely upon a transcript of the record in this case. These facts, if true, have not the slightest bearing upon the question of the admissibility of evidence concerning the $300 check in the case on appeal. We believe it to have been clearly admissible upon the issue of fraudulent intent. (*People* v. *Weir,* 30 Cal.App. 766 [159 P. 442]; *People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A. N.S. 667].)

▆ As further prejudicial error appellant complains of the action of the trial court in making an order, during the course of the trial exonerating appellant's bail and placing him in the custody of the sheriff. This order was made at a point during the trial when the evidence indicated that since the issuance of the check of $800 the accused had, while on

bail fixed by the magistrate, failed to appear on one occasion when ordered to appear and had absented himself on several occasions from the State of California, going to Arizona, Nevada and Washington, D. C. This order was authorized under Penal Code, section 1129, and we see no merit in appellant's contention that the court abused its discretion in making the order. This order was not made in the presence of the jury, and there is no showing that the jury became aware of it. Hence the order could not be found to have constituted reversible error. (*People* v. *Avery,* 64 Cal. App.2d 850, 856 [149 P.2d 758].)

As further prejudicial error appellant contends that the trial court "throughout the course of the trial, prejudiced the appellant to the jury." However, in his brief he makes no specific reference, or references to any particular instances disclosed by the record, of any such prejudicial misconduct. We have examined the record with this contention in mind and find no such instance of prejudicial misconduct on the part of the trial judge upon which such claim could properly be maintained.

Appellant's contentions numbered 3 and 4 have to do with comments on the evidence made by the court and the court's instructions to the jury as to the law. ▮ Appellant complains that the court should not have given an instruction as to the effect of flight of the accused. We cannot, however, disregard the fact that after the issuance of the check involved on May 10th, 1953, the defendant, from time to time, absented himself for unknown periods of time from California, being, according to his own statements at the trial, in the states of Arizona and Nevada, and in Washington, D. C., and that he was not apprehended under the criminal complaint issued against him until June 27th, 1953. The inference of flight might well have been drawn by the jury from these circumstances, and we believe that there was sufficient evidence before the jury to justify the court in giving the instruction.

Appellant further contends that there was no evidence before the jury to justify the giving of the instruction regarding the presumption "That a letter duly directed and mailed will be received in the regular course of the mail." The evidence in the record justified the giving of this instruction.

We have also carefully examined the comments made by

the court upon the evidence, and while it is neither our function nor desire to approve or disapprove of the form thereof, we find nothing therein of an erroneously prejudicial character which would tend to inflame the minds of the jurors against the accused. The court twice advised the jury that any comments made by him "about the evidence is not binding on you," and also twice advised the jury that it was their exclusive province to determine the facts in the case.

■ Appellant urges that the court committed prejudicial error by adding to the instruction on the presumption of innocence and the necessity of proof of guilty beyond a reasonable doubt a statement that those rules are "not intended to aid anyone who 'is in fact guilty of crime to escape, but is a humane provision of the law, intended so far as human agency can do so, to guard against the danger of any innocent person being unjustly convicted or unjustly punished.' " Appellant does not support his contention with the citation of any authority and a study of the instruction as given leads us to the belief that it is not prejudicially erroneous.

Appellant also urges that the instructions of the court were insufficient to apprise the jury that an intent to defraud is an indispensable element of the offense charged. With this contention we cannot agree. The court fully instructed in that respect, stating to the jury that a specific fraudulent intent must be shown in order that a verdict of guilty might properly be returned.

■ Appellant's contention No. 5 to the effect that the court failed to conform to the requirements of the law in the pronouncement of judgment is, we believe, without merit. The contention of appellant is that at the time of his arraignment for pronouncement of judgment the clerk and the court failed to specifically inform him that the verdict of the jury was one finding him guilty of a "felony." If this failure be error, it is one without substance or importance, and certainly without prejudice to the accused. The contention is not meritorious. (*People* v. *Wademan*, 38 Cal. App. 116, 137 [175 P. 791].)

■ Appellant also urges that the record does not affirmatively show that the court had read and considered the report of the probation officer to whom the matter had been referred. It is not required that the record show a compliance with these requirements of Penal Code, section 1203.

■ When the record is silent as to such matters it will be

presumed that the court has discharged the duty imposed upon it by law. (*People* v. *Russell,* 156 Cal. 450, 457 [105 P. 416]; *People* v. *Holmes,* 118 Cal. 444, 449 [50 P. 675]; *People* v. *Gibson,* 106 Cal. 458, 472 [39 P. 864].)

The judgment and order are affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.

A petition for a rehearing was denied September 29, 1955, and appellant's petition for a hearing by the Supreme Court was denied October 19, 1955. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.