Hubert Geroid **BROWN**, aka H. **Rap Brown**, aka R. **Hall**, aka R. H. **Brown**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 25851.

United States Court of Appeals Fifth Circuit.

March 7, 1968.

See also D.C., 281 F.Supp. 31.

---

William M. Kunstler, New York City, Murphy W. Bell, Baton Rouge, La., for appellant.

Frederick W. Veters, Asst. U. S. Atty., New Orleans, La., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

The appellant is under indictment returned on August 22, 1967 in the United States District Court for the Eastern District of Louisiana, charged with transporting a rifle in interstate commerce while under indictment of the state of Maryland.[1] He has filed notice of appeal from an order of that district court entered on February 21, 1968 which forfeited his cash bond of $15,000 given to assure his appearance at trial, remitted $10,000 of said forfeiture, and imposed new conditions of release pending trial.

The appellant has filed in this court an application for stay of the district court order pending appeal, for emergency relief pending appeal, and a request for summary reversal of the district court order. By order entered by another panel of this court on February 29, 1968 all these matters have been assigned to this panel for determination without oral argument.

■ Under the Bail Reform Act of 1966 the appellant is entitled to a prompt appeal from that portion of the district court order setting new conditions of release. 18 U.S.C.A. § 3147. There has been filed with this court the record of the proceedings of the district court leading to the February 21 order, and briefs have been submitted by both parties.[2]

■ Provisions for bail pending trial were changed in many respects by the Bail Reform Act.[3] Conditions of release in a non-capital case must be for the sole purpose of reasonably assuring the presence of the defendant at trial. Restrictions on travel and the making of an appearance bond are allowable conditions of release for such purpose. 18 U.S.C.A. § 3146.

■ The proceedings below do not support the necessity of a bond of $50,000 to assure appearance at trial under the indictment of August 22, 1967. The proceedings below do support the restrictions on travel imposed by the order of February 21.

---

1. 15 U.S.C.A. § 902(e): "It shall be unlawful for any person who is under indictment or who has been convicted of a crime punishable by imprisonment for a term exceeding one year or who is a fugutive [sic] from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition."

2. In this connection see proposed Rule 9 of the new Federal Rules of Appellate Procedure for United States Courts of Appeals.

3. 18 U.S.C.A. §§ 3146–3152.

The aspect of the appeal relating to forfeiture of the $15,000 bail and remission of $10,000 thereof shall remain within the jurisdiction of this court to be assigned for hearing and heard and disposed of in normal course under the usual procedures of this court.

The request for summary reversal of the forfeiture order is denied. The request for a stay of the forfeiture order and for other emergency relief pending the appeal from the forfeiture order is denied.

It is ordered that pending trial on the indictment of August 22, 1967 the appellant shall be released under the same conditions of release imposed by the United States District Court for the Eastern District of Louisiana in its order of February 21, 1968 except that the amount of the bond shall be $15,000.