474 P.2d 824

Carson D. RENDEL, Petitioner,

v.

John MUMMERT, Sheriff of Maricopa County, State of Arizona, Richard N. Roylston, Judge of the Superior Court, Acting Magistrate, Respondents.

No. 10045.

Supreme Court of Arizona,
In Banc.

Sept. 24, 1970.

Stewart & Pickrell, by Harry Stewart, Jr., Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by Robert L. Storrs, Deputy County Atty., Phoenix, for respondents.

HAYS, Justice.

Carson D. Rendel filed a petition in this court for a writ of habeas corpus or in the alternative for special action seeking his release from confinement by the sheriff of Maricopa County. We issued our order staying further action and releasing Rendel on bond pending our decision with respect to the important questions raised in the petition.

The facts indicate that in February, 1970, Rendel was charged with committing the crime of preventing the attendance of a witness, a felony. This offense allegedly occurred on or about February 2, 1970 which was during the time that Rendel was free on bond for four other felony charges. Thereafter, the state applied for the revocation of Rendel's bond for the four prior charges because reasonable grounds existed to justify the belief that he committed the felony of preventing the attendance of a witness while released on such bond. The hearing was before Judge Charles L. Hardy and, while he denied the application for revocation of the bond, he set as a condition to continuance of liberty on such bond the requirement that Rendel "conduct himself at all times as a law abiding citizen." Thereafter, on March 27, 1970, a criminal complaint was filed in the Superior Court of Maricopa County,

charging Rendel with three counts of possessing stolen motor vehicles and on April 14, 1970, he was charged with the crimes of Rape in the First Degree and Lewd and Lascivious Acts. These subsequent crimes allegedly occurred on or about March 26 and April 8, 1970, after Judge Hardy set the condition on Rendel's bond that he conduct himself as a law abiding citizen. Again the state applied for revocation of Rendel's prior bond and, following a hearing before Judge Roylston, such bond was revoked pursuant to A.R.S. § 13-1577 et seq. Judge Roylston ruled that the condition set by Judge Hardy was invalid because it did not conform to § 13-1577, subsec. D; however, he further ruled that it was not necessary to impose the condition that the defendant's release was conditioned upon his good behavior because such condition was imposed as a matter of law.

■ The petitioner first argues that Judge Roylston erred in ruling that the condition in A.R.S. § 13-1577, subsec. D need not be imposed by the judicial officer because such condition was imposed as a matter of law. We find it unnecessary to answer this question because we are of the opinion that the condition set by Judge Hardy was well within the meaning of the statute. A.R.S. § 13-1577, subsec. D provides:

> "When a determination is made to release a defendant charged with a felony either on his own recognizance or on bail, the judicial officer shall impose a condition that the release is conditioned upon the defendant's good behavior while so released, and upon a showing of probable cause that the defendant committed a felony during the period of release, the defendant's release may be revoked in accord with the provisions of 13-1578."

Judge Hardy, during the first revocation hearing, ordered that the defendant's bail be continued on the condition "that the defendant at all times conduct himself as a law abiding citizen." While this order did not use the statutory words, we are of the opinion that it was well within the spirit of the statute. The statute provides that the defendant's bail may be revoked only upon a showing of probable cause that he committed a felony during the period of release. Thus, the statutory language pertains to "good behavior" only in the sense that the defendant refrain from committing a felony while released. The warning is made equally clear, if not more so, by the order that the defendant "conduct himself as a law abiding citizen."

The petitioner charges that the statutes in question are violative of the Constitution of the United States. The only place where there is specific mention of bail in the Constitution is the Eighth Amendment which reads as follows:

> "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

In Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952), we find a historical analysis of the bail provision including the following statement:

> "The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. Indeed, the very language of the Amendment fails to say all arrests must be bailable. We think, clearly, here that the Eighth Amendment does not require that bail be allowed under the circumstances of these cases." 342 U.S. at 545 and 72 S.Ct. at 536.

■ The *Carlson* case, as well as subsequent cases, establish the fact that there

is no federal constitutional right to bail. See Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961); Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964). This is true whether the attack is based on Eighth Amendment grounds, or upon the due process clauses of the Fifth and Fourteenth Amendments. See 55 Virginia Law Review 1223; 36 George Washington Law Review 178.

■ The Bail Reform Act of 1966, 18 U.S.C.A. § 3146 et seq permits imposing conditions on the right to bail and subsequent cases have upheld the right of the court to revoke bail prior to trial. United States v. Clark, 412 F.2d 885 (5th Cir. 1969); United States ex rel. Brown v. Fogel, 395 F.2d 291 (4th Cir. 1968). We find nothing in the U. S. Constitution which invalidates the statute in question here.

The petitioner further asserts that the challenged statutes are unconstitutional because they violate Article II, § 22 of the Arizona Constitution, A.R.S. which provides:

"Bailable Offenses. All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great."

The felonies with which we are concerned in this cause are not capital and the petitioner was originally admitted to bail. Thus, the issue may be framed as follows: May conditions attach to the bail undertaking which may serve as the basis for its revocation?

Historically, many conditions have attached on bail. A condition that no one would question is that the accused present himself to the court at all times required for the determination of the charge. Sureties on bail or recognizance may at any time take their principal into custody for the purpose of surrendering him in exoneration of their liability. Rules 61 and 62, Arizona Rules of Criminal Procedure, 17 A.R.S. See also Am.Jur.2d 848 §§ 114

et seq, Bail and Recognizance. A condition of release limiting the movements of the defendant to a specified jurisdiction or area is not at all unusual, and has been approved by the courts. Brown v. United States, 392 F.2d 189 (5th Cir. 1968); Brown v. Fogel, 387 F.2d 692 (4th Cir. 1967); United States v. Mitchell, 246 F. Supp. 874 (D.C.1965).

New Mexico's constitution has a bail provision similar to ours but in Tijerina v. Baker, 78 N.M. 770, 438 P.2d 514 (1968), the Supreme Court of that state held that the constitutional right to be at large on bail is not absolute in all circumstances. That court, citing People ex rel. Calascione v. Ramsden, 20 A.D.2d 142, 246 N.Y.S.2d 84 (1963); Carbo v. United States, 82 S. Ct. 662, 7 L.Ed.2d 769 (1962) and United States v. Rice, 192 F. 720 (C.C.S.D.N.Y. 1911), noted that a court has a common law power to revoke a defendant's bail and remand him to jail after commencement of trial and that such power is inherent in the court's duty to insure the efficient administration of justice. The New Mexico court said, " * * * the right to do so before trial seems to be equally apparent under a proper set of facts."

Nevada also has a constitutional bail provision similar to Arizona's but the Supreme Court of Nevada upheld a statute permitting the trial court to order the defendant into custody at any time after he appears for trial. Terrano v. State, 59 Nev. 247, 91 P.2d 67 (1939). See also People v. Montgomery, 135 Cal.App.2d 507, 287 P.2d 520 (1955). The command of Rule 46(a) (1) of the Federal Rules of Criminal Procedure reads substantially the same as our own bail provision by providing that before conviction a "person arrested for an offense not punishable by death *shall* be admitted to bail" and that one "arrested for an offense punishable by death *may* be admitted to bail * * *." (Emphasis ours). However, in Fernandez v. United States, supra, Mr. Justice Harlan stated that the contention that Rule 46(a) (1) gives a defendant in a non-capital case an absolute right to bail prior to con-

viction is untenable and that the trial judge has the power to revoke bail on the basis of alleged improper conduct.

Rule 67 of the Arizona Rules of Criminal Procedure reads as follows:

"If the defendant applies to be admitted to bail after recommitment and he is bailable, he may be admitted to bail by the court which recommitted him or by a judge thereof. The sureties must possess the qualifications and the bail must be given and approved as provided in these Rules."

This rule follows Rule 63 which pertains to the arrest and recommitment of a defendant on bail who has among other things breached the undertaking. It must be noted that the permissive "may" is used in Rule 67, whereas Rule 41(A) states:

"All persons in custody for the commission of an offense not capital shall, before conviction, be entitled as of right to be admitted to bail."

A comparison of the wording of Rules 41(A) and 67 appears to support the custom and practice in the Arizona Superior Courts of admitting a recommitted defendant to bail only in the discretion of the court rather than as a matter of right.

We are further supported in our analysis by Standard 5.8 of The American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pre-trial Release, approved draft, 1968, which provides:

"Commission of Serious Crime While Awaiting Trial. Where it is shown that a competent court or grand jury has found probable cause to believe that a defendant has committed a serious crime while released pending adjudicating of a prior charge, the court which initially released him should be authorized to revoke his release."

The commentary on page 74 states:

"The defendant held to answer on a second charge has once been granted bail or some other form of release, and

to that extent his constitutional right to bail has been satisfied. If the court has the power to take the risk of future criminal activity into account in setting conditions in his release, then it should follow that it may enforce those conditions by revocation where a clear violation is shown. Where the violation consists of the commission of a serious crime, the court's authority to revoke ought to be clear."

■ It is apparent that § 22 of Article II of our Constitution does not guarantee bail as a matter of absolute right but is conditioned upon the giving of "sufficient sureties." We are of the opinion that the words "sufficient sureties" mean, at a minimum, that there is reasonable assurance to the court that if the accused is admitted to bail, he will return as ordered until the charge is fully determined.

■ Where trustworthy evidence exists that an accused manifests recidivistic tendencies as by committing another felony, or several of them, while free on bail for the first, it is reasonable to assume that he feels a stronger temptation than before to avoid the processes of criminal justice since he now faces two or more charges and the possibility of conviction for at least one of them is substantially greater than the possibility of conviction for only one charge. Because the state has the legitimate object to fully determine the truth of the charge at a trial, we are of the opinion that a condition that the accused abstain from the commission of a felony while on bail is reasonable since further charges will necessarily result in greater pressure to flee from the jurisdiction of the court or otherwise frustrate its lawful processes.

■ While it may be argued by some that the effect of the challenged statutes will be to punish a man for acts not yet proven beyond a reasonable doubt at a criminal trial, we are of the opinion that revocation of bail, in this situation, does not impose a legal punishment or imprisonment, but rather, is a necessary step to insure compliance with the legal processes of

this state. Even assuming that in a given case the defendant is in fact innocent of the felony for which probable cause existed to re-arrest him and which served to revoke his bail on the prior charge, we are of the opinion that probable cause is a justifiable and reasonable standard for this purpose. While we adhere to the concept that an accused enjoys a presumption of innocence until proven guilty, it is clear that this presumption has never stood in the way of the state to exert its power to restrain an accused when probable cause is shown that he committed a crime. Probable cause has long served as the standard in this country whereby an accused may be forced to undergo certain restraints on his personal liberties.

The need to determine, through a criminal trial, whether laws have been violated justifies various interferences with a person's freedoms. He may, solely on the basis of probable cause, be lawfully arrested, searched, booked, fingerprinted, photographed and required to submit to various identification procedures. These interferences with personal liberties have always been justified on the strength of probable cause. We have defined probable cause to mean that there is more evidence for, rather than against, a defendant's guilt, and there must exist such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. Dodd v. Boies, 88 Ariz. 401, 357 P.2d 144 (1960).

This court in Gusick v. Boies, 72 Ariz. 309, 234 P.2d 430 (1951), held that:

> "Merely because a defendant may be considered by the prosecutor (and the magistrates charged with the duty of admitting to bail) as being unfit to mingle in society does not justify denying him the right to bail pending trial. Under the law, regardless of the character of the crime or what the facts may be, the accused at this time is clothed with the presumption of innocence." 234 P.2d 430 at 431.

■ However, we have a different situation in the instant case. Under A.R.S. § 13–1577, subsec. D, the revocation is not mandatory, nor does it concern the extent of the proof in regard to the probable cause. It is not in conflict with the holding in Gusick, supra. It merely permits the court to revoke the bail when it finds under the facts of the case coupled with the finding of probable cause in another case, that a defendant probably would not appear for trial. The court could well be of the opinion that under the circumstances the accused would flee to avoid trial. Under the inherent power of the court it would be permitted to hold him without bail for trial.

Opponents of outright pre-trial detention, where no bail is allowed in the first instance, point out that one of the main failings of that concept is the fact that the judge has no reliable indicator available by which to determine which defendants will commit further crimes if released on bail. However, the statutes challenged here, continue the guarantee of bail to all persons accused of less than capital crimes. A means is, of course, provided whereby this right may be lost but the keys to continued freedom are left in the pocket of the accused. If he actively avoids all intended associations with the criminal elements of our society, we are of the opinion that he will be able to avoid situations that could result in the revocation of his bail. In any event, the accused will not lose his right of pre-trial freedom without the protection of procedural due process because A.R.S. § 13–1578 provides for a hearing to determine if there is probable cause to believe that he committed a felony during the period of his release.

In deciding as we do, we are mindful of the principle that a free society and the victims of crime are entitled to the same measure of justice as the accused. Pre-trial release with restrictions placed upon a defendant's actions has long represented a compromise between the liberties that a person normally enjoys and the right of the state to insure compliance with its

processes. We are of the opinion that the challenged statutes strike a fair balance between the interest of the individual in securing pre-trial freedom and the interest of the state in seeing that complete justice is done.

We hold that A.R.S. §§ 13–1577 et seq as related to this appeal is constitutional. It is ordered that the petitioner be remanded to the Superior Court of Maricopa County for proceedings consistent with this opinion.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.