514 P.2d 717

**STATE of Arizona, Appellee,**

**v.**

**Albert Edwin URBAUER, Appellant.**

**No. 2390.**

Supreme Court of Arizona,
In Banc.
Oct. 3, 1973.
Rehearing Denied Oct. 30, 1973.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Former Asst. Atty. Gen., Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Mangum, Wall & Stoops by Richard K. Mangum, Flagstaff, for appellant.

Albert Edwin Urbauer in pro per.

LOCKWOOD, Justice:

The appellant in this case was charged with commission of first degree rape and with two counts of having been previously convicted of other felonies. After a jury trial, the appellant was found guilty of the rape count only. The other two counts of prior felony convictions had not been urged before the jury and no evidence had been presented. Appellant was sentenced to serve a term of from twenty-five years to life in the Arizona State Prison.

A complaint was filed against the appellant on September 9, 1968, in the Flagstaff Precinct, Justice of the Peace Court, Coconino County, Arizona, alleging first degree rape, with no prior convictions showing. After a preliminary hearing, appellant was bound over on a charge of rape, with two prior convictions.

The matter was thereafter set for trial on May 21, 1969. Appellant failed to appear for trial and bail was forfeited. Appellant was apprehended in Hawaii and returned to Coconino County in April, 1971. Due to a mistake or misunderstanding appellant was held without bail from April 26, 1971 until June 14, 1971 at which time bail was set at $500,000.00 cash.

At the trial the appellant offered no defense. His attorney objected to certain portions of the investigating officer's testimony concerning statements made to him by the victim of the rape approximately four and one-half hours after the alleged rape occurred. The court allowed the testimony under the res gestae exception to the hearsay rule.

In his appeal the appellant argues that he was denied due process of law when the court deliberately set the bail at an unreasonably high figure. He also complains that the failure of the court to abide by the requirements of Rule 180 of the Rules of Criminal Procedure by asking whether appellant had been previously convicted,

amounted to a denial of due process. Finally the appellant contends that the trial court erred in admitting portions of the investigating officer's testimony under the res gestae doctrine.

Taking the last claimed error first, the record shows as follows: The assault took place sometime between 4:30 p. m. and 5:00 p. m. at the appellant's housetrailer. After the assault, the appellant made the victim take a shower with him and help clean up the floor and walls of the room where the assault took place in order to remove any traces of the attack. After that, the victim was left alone for a period of fifteen minutes while the appellant disposed of the bloody sheets and certain items of apparel. The appellant then took the victim and her younger brother to a nearby bar where they secured a ride to another bar where the mother was working.

While at the second bar, the victim was given a soft drink by her mother before she went to the restroom. Her mother followed her to the restroom a short time later. At that point she informed her mother what had happened. From there, after a hostile exchange between the mother and appellant who was the step-father of the victim, they all rode back to the housetrailer where the appellant got out of the car.

After the appellant left the car, the victim was driven by the mother to the apartment of a friend of the mother in order to seek the friend's advice. She then proceeded to the hospital. The investigating officer interviewed the victim at the hospital at approximately 9:15 p. m. Thus a period of four and one-half hours had elapsed between the time of the attack and the making of the declarations by the victim.

This court, in reviewing fact situations involving the excited or spontaneous utterance exception to the hearsay rule has followed the test laid down by Wigmore. The test is composed of three requisites. The first requisite is that there must be a startling event. Second, the

words spoken must be spoken soon after the event in order to prevent the speaker from having an opportunity to fabricate the story. Finally the words spoken must relate to the startling event. State v. Ritchey, 107 Ariz. 552, 490 P.2d 558 (1971).

■ It is uncontested that the instant case involves an occurrence sufficiently startling to justify the admission of statements made at the time of the event as res gestae. It is also clear from the record that the words spoken related to the startling event. However the second requisite —that the words be spoken soon after the event—has not been satisfied. The record reveals that there was an overly long period of time in which there was ample opportunity for reflection and contemplation. The declarations were not part of the startling event but pertained to a past and completed occurrence. They could in no way be considered contemporaneous with the attack by the appellant on the declarant. Furthermore, there is nothing in the record to indicate that the statements were of a spontaneous character and logically related to or growing out of the main event. We must conclude that the declarations made by the victim did not meet the requirements of spontaneous utterances but were mere narratives made long after the event itself.

■ We believe that it was error to admit the statements of the victim made to the investigating officer. This does not require reversal however, since the evidence against the appellant is so ample that we can conclude that the jury would only have reached the same verdict without the testimony in question. At the trial the victim testified what had occurred to her. A neighbor testified that he heard the victim screaming at the time the attack was to have taken place. Another neighbor testified that she saw the appellant leave the trailer and dispose of bloody sheets and articles of clothing belonging to the victim and the defendant. Medical testimony and laboratory tests indicated that a rape had

occurred and the appellant had committed it. Finally there was no defense offered by the appellant. On the facts of this case it can only be concluded that the error was harmless.

■ Appellant also argues that the trial court abused its discretion when it arbitrarily set the bail in an extremely high amount for the purpose of causing the appellant to remain in jail because of his known inability to provide such a large bail. The issue is whether the judge's action constitutes a denial of due process. This court has previously stated that:

"It is apparent that § 22 of Article II of our Constitution does not guarantee bail as a matter of absolute right but is conditioned upon the giving of 'sufficient sureties'. We are of the opinion that the words 'sufficient sureties' mean, at a minimum, that there is reasonable assurance to the court that if the accused is admitted to bail, he will return as ordered until the charge is fully determined." Rendel v. Mummert, 106 Ariz. 233 at 237, 474 P.2d 824 at 828 (1970).

In Rendel, supra, this court held that when determining the amount of bail, the judge should take into account the record of the defendant's arrests and convictions, his record of appearances at court proceedings, his record of flight to avoid prosecution, and his failure to appear at court proceedings.

Based on the facts of this case and the previously stated legal principles, it is apparent that the appellant was an extremely poor bail risk. The appellant had been arrested at least thirty-five times. He had a record of seven convictions including two felonies and he had been sent to prison three times for a total period of seven years. The appellant had failed to appear at the previous trial date. He had been arrested in Hawaii on a bench warrant issued after he failed to appear for his trial on the same charge. He had to be extradited from Hawaii after he refused to waive extradition. Based upon these considerations, the judge certainly did not

abuse his discretion in setting the bail at $500,000.00 cash even though it was known the appellant was indigent. Thus we find that appellant's argument is too feeble to merit any attention by this court.

 The final issue raised by the appellant in his brief is that the trial court failed to abide by the mandatory requirements of Rule 180 of the Rules of Criminal Procedure, 17 A.R.S. Rule 180 provides that:

> "When a defendant who is charged in the indictment or information with a previous conviction pleads either guilty or not guilty of the offense with which he is charged, he shall be asked whether he has been previously convicted. * * * If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has been previously convicted shall be tried by the jury which tries the issue upon the plea of not guilty, * * *. If the defendant pleads not guilty and answers that he has been previously convicted, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial."

Appellant alleges that the court treated the matter as if it required only one element; the taking of a plea of not guilty, but that the Rule expressly states that if the defendant pleads not guilty, the court must additionally ask the defendant whether he has previously been convicted. The transcript of the arraignment proceedings of April 26, 1971 reveals that the judge did ask the defendant whether he had been previously convicted and that his answers were recorded in the minutes as required by the provisions of Rule 180. Thus we find appellant's contention to be wholly without merit.

*Judgment affirmed.*

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.