604 So.2d 384 (1992)
Ex parte Spencer Owen ZIGLAR.
(In re Spencer Owen ZIGLAR
v.
STATE of Alabama, et al.).
1911447.
Supreme Court of Alabama.
August 28, 1992.
*385 J. Stafford Pittman, Jr. of Pittman, Whittaker & Pittman, Enterprise, Charles R. Driggars, Sirote & Permutt, P.C., Birmingham, Rodger K. Brannum, Enterprise, and L. Dan Turberville, Birmingham, for petitioner.
James H. Evans, Atty. Gen., and J. Randall McNeill, Asst. Atty. Gen., for respondents.
PER CURIAM.
Spencer Owen Ziglar petitions this Court for a writ of mandamus directing the Honorable John B. Crawley, judge of the Circuit Court of Coffee County, to rescind his order revoking Ziglar's bond pending an appeal of his conviction. We grant the petition.
Edward Kelley was killed on the night of January 30, 1990. Ziglar was indicted for Kelley's murder, and was convicted of manslaughter on June 6, 1991. He was given the maximum sentence of 20 years. He has appealed his conviction to the Alabama Court of Criminal Appeals, Case No. 90-1321. The appeal is still pending.
Ziglar was free on $150,000 bond pending trial, and on a $150,000 bond pending sentencing. Following the sentencing on June 11, 1991, the trial judge refused to set bail. In his order of June 24, 1991, denying bail, Judge Crawley set forth facts that caused him to conclude that Ziglar, if released, posed a real and present danger of harm to Doug Taylor and Merlene Kelley. These facts are as follows:
"At trial the state established that defendant's motive for killing Edward Kelley was because defendant's wife, Donna Ziglar, and Edward Kelley had been having an `affair' for several years and on January 30, 1990, defendant killed Edward Kelley by going to his home, knocking on the door, and when Edward Kelley came to the door, defendant, using a shotgun, shot through the door, killing Edward Kelley.
"The state presented evidence that Donna Ziglar had also had an `affair' with Doug Taylor who lived in Opp. In September 1989 they left Coffee County together, went to Homossassa Springs, Florida, and stayed for about six weeks. On January 30, 1990, Donna Ziglar had been living with her sister in Plant City, Florida, for several months.
"The same night that defendant killed Edward Kelley, between 6:00 p.m. and 6:30 p.m., he attempted to kill Doug Taylor.... Defendant, carrying an ice chest with beer and stopping for beer several times, drove from Elba to Doug Taylor's home in Opp, went onto his carport with a shotgun, knocked on the door and when Mrs. Taylor came to the door, attempted *386 to hide the shotgun from Mrs. Taylor's view. The defendant admitted driving to Opp and carrying his shotgun onto the carport, but denied that it was loaded, that he hid it, or that he intended to kill Doug Taylor. He testified that he went to see Doug Taylor about purchasing a car for his son. It was about 8:30 p.m. when defendant arrived at Doug Taylor's home. After learning that Doug Taylor was not at home, defendant returned to his home in Elba, where he was immediately apprehended.
"Several months prior to January 30, 1990, Edward Kelley and his wife, Merlene Kelley, were separated because of the affair he was having with Donna Ziglar. Merlene Kelley threatened to bring Donna Ziglar into the Kelleys' divorce. During a telephone conversation with Merlene Kelley, the defendant threatened to kill Merlene Kelley and Edward Kelley, if they brought Donna Ziglar into the Kelleys' divorce...."
Ziglar filed petitions to reconsider, which were denied. He then filed a petition for a writ of habeas corpus or writ of mandamus in the Court of Criminal Appeals. On July 19, 1991, that court ordered the trial court to set a reasonable appeal bond (not to exceed $300,000), pursuant to § 12-22-170, Code of Alabama 1975. On July 26, 1991, the court set bond and Ziglar was freed. He remained free under this appeal bond.
On April 21, 1992, this Court amended Rule 1.5, A.R.Crim.P., rendering the new Alabama Rules of Criminal Procedure applicable in all criminal proceedings, regardless of the date of the commencement of the action. The State of Alabama then petitioned the Circuit Court of Coffee County to revoke Ziglar's appeal bond and reinstate the court's order denying bail. The ground cited by the State was the amendment of Rule 1.5, A.R.Crim.P., making Rule 7.2(c) applicable to Ziglar. Rule 7.2(c) provides:
"(c) Denial of Release. Release shall be denied after conviction and sentencing if the trial court has reason to believe that such appearance bond or conditions of release will not reasonably assure that the defendant will not flee, or that the defendant's being at large poses a real and present danger of harm to any other person or to the public at large, or if at the time sentence was rendered, the defendant filed a notice of appeal and elected to waive release and to begin serving sentence."
On May 22, 1992, Ziglar filed a motion in the trial court to dismiss and/or strike the State's motion for appeal bond. He further filed alternate petitions for a writ of prohibition or a writ of mandamus with the Court of Criminal Appeals. The Court of Criminal Appeals issued an order staying all proceedings in Ziglar's case and directing the State of Alabama to respond within seven days. The State filed its response.
On June 16, 1992, the Court of Criminal Appeals entered an order denying Ziglar's petitions. On June 17, 1992, the trial court revoked Ziglar's bond and issued an order directing the sheriff of Coffee County, to take Ziglar into custody immediately. Ziglar was taken into custody that afternoon, and he remains in custody. Counsel for Ziglar filed in this Court alternative petitions for a writ of prohibition or a writ of mandamus.
The State contends that § 12-22-170 provides a procedural right to bail that has been superseded by the adoption of Rule 7.2, A.R.Crim.P., made applicable to Ziglar by the amendment to Rule 1.5. Therefore, the State contends that the trial court now has the discretion under Rule 7.2 to deny bail to Ziglar.
Counsel for Ziglar concedes that Ziglar has no state or federal constitutional right to bond after his conviction, because the presumption of innocence, which existed before conviction, has been removed. Ex parte Pace, 45 Ala.App. 132, 226 So.2d 676 (1969); Rendel v. Mummert, 106 Ariz. 233, 474 P.2d 824 (Ariz.1970). However, Ziglar *387 argues 1) that he was granted bail under § 12-22-170, Code of Alabama 1975, which provides that a defendant shall be released on an appeal bond after a sentence of imprisonment for a term not exceeding 20 years, 2) that Rule 9(b), A.R.App.P., in force at the time he was granted bail, provided that "release after conviction shall be governed by the Code of Alabama § 12-22-170," and 3) that Rule 1.5, A.R.Crim.P., as it read at the time bail was granted, provided that the rules of criminal procedure "govern all criminal proceedings commenced at or after 12:01 a.m., January 1, 1991," thus excluding his case. Ziglar argues that he has been free on $300,000 bond since July 26, 1991, and has not violated any of the specific conditions of his bond,[1] and that to deny him bond at this date is a denial of his due process rights, both substantive and procedural.
While we acknowledge that procedurally Rule 9(b), A.R.App.P., and Section 12-22-170 have been superseded by the amendment to Rule 1.5, A.R.Crim.P., making Rule 7.2, A.R.Crim.P., applicable to Ziglar, he correctly asserts that, at the time he was granted bail, § 12-22-170 gave him a statutory right to bail. The change of Rule 1.5, A.R.Crim.P., was not intended to be applied ex post facto in violation of Art. I, § 7, Alabama Constitution (1901), and Art. I, § 9, United States Constitution. It has had an ex post facto application under the facts in the present case, violating the defendant's due process rights.
Therefore, the petition for the writ of mandamus is due to be granted.
WRIT GRANTED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX, ALMON and HOUSTON, JJ., dissent.
MADDOX, Justice (dissenting).
At first blush, it would appear that the petitioner has shown that he has a clear legal right to the relief he seeks, but there are at least two reasons why I think that the petition should be denied.
First, the provisions of Ala.Code 1975, § 12-22-170, under which the petitioner initially forced his release on bail while he appealed his manslaughter conviction, provide not a substantive right, but only a procedural right. Second, this Court has the power to adopt rules of procedure in criminal cases, and it has adopted a rule of procedure changing the petitioner's right to be released on bail while he appeals his conviction for manslaughter, and it has made that rule of procedure applicable to criminal proceedings without regard to the time when those criminal proceedings were commenced.
Counsel for the petitioner concedes, as counsel must, that the petitioner has no state or federal constitutional right to bail after his conviction, because the presumption of innocence, which existed prior to conviction, has been removed. Ex parte Pace, 45 Ala.App. 132, 226 So.2d 676 (1969); Rendel v. Mummert, 106 Ariz. 233, 474 P.2d 824 (1970). The petitioner argues, however, that § 12-22-170 provides that a defendant shall be released on an appeal bond after a sentence of imprisonment for a term not exceeding 20 years, and that the provisions of that section make the setting of bail mandatory in his case. He also argues that Rule 9(b), A.R.App.P., dictates that his release, after conviction and pending appeal, be governed by § 12-22-170.
I cannot agree with his argument, because the provisions of § 12-22-170 and Rule 9(b), Ala.R.App.P., have been superseded by rules of procedure adopted by this Court, acting pursuant to the authority granted to it by Amendment 328, § 6.11, Constitution of Alabama 1901. Pursuant to that constitutional power, statutorily recognized by the legislature in Ala.Code *388 1975, § 12-2-7, the Court has adopted Rule 7.2(c), Ala.R.Crim.P., which specifically provides as follows:
"(c) Denial of Release. Release shall be denied after conviction and sentencing if the trial court has reason to believe that the appearance bond or conditions of release will not reasonably assure that the defendant will not flee, or that the defendant's being at large poses a real and present danger of harm to any other person or to the public at large, or if at the time sentence was rendered, the defendant filed a notice of appeal and elected to waive release and to begin serving sentence."
Rule 7.2(c), of course, materially changes the provisions of Ala.Code 1975, § 12-22-170, and Rule 9(b), Ala.R.App.P., and specifically gives a trial judge discretion to determine the conditions for release of persons who have been convicted and are appealing their convictions.
The basic legal questions presented by this petition are: Are the provisions of § 12-22-170 authorizing a person convicted of crime and sentenced to 20 years or less substantive or procedural, and, if procedural, can the petitioner, having been granted bail under the provisions of a statute or Court rule, have that bail revoked because those provisions have since been superseded?
I conclude that the provisions of § 12-22-170 are procedural, not substantive, and that this Court had the power, under its rulemaking authority,[2] not only to supersede the provisions of § 12-22-170 relating to release of persons after conviction, but to make the provisions of Rule 7.2(c) retroactive.
The power of this Court to make rules governing the release of persons convicted of crime seems unquestioned. The Alabama legislature not only has recognized the power of the Court to promulgate rules,[3] but has specifically provided in Ala. Code 1975, § 12-1-1, that "[a]ny provisions of this title regulating procedure shall apply only if the procedure is not governed by the Alabama Rules of Civil Procedure, the Alabama Rules of Appellate Procedure or any other rule of practice and procedure as may be adopted by the supreme court of Alabama."[4] If the granting of bail is procedural, as I believe it is, then § 12-22-170 has been superseded.
Because of the provisions of Amendment 328 granting this Court the power to make rules, and in view of the provisions of §§ 12-1-1 and 15-1-1 specifically granting supremacy to rules of procedure adopted by this Court, it seems clear to me that by adopting Rule 7.2(c), and by amending Rule 1.5 to make Rule 7.2(c) applicable to all criminal proceedings regardless of when they were commenced, this Court has granted the trial judge in this case the right to revoke the petitioner's bail and to reinstate the order he made at the time of the petitioner's conviction, in which he denied bail to the petitioner pending his appeal, on the ground that the petitioner posed a real and present danger of harm to two individuals.
Consequently, I believe that the petition was due to be denied, as determined by the Court of Criminal Appeals; therefore, I am compelled to dissent.
HOUSTON, J., concurs.
NOTES
[1] These conditions include the requirements that Ziglar not leave the State of Alabama; not drink any alcoholic beverages, even at home; not possess any weapons, even at home; and not communicate with, or remain in the presence of, Doug Taylor or Merlene Kelley.
[2] Amendment 328, § 6.11, Const. of Ala.1901.
[3] Ala.Code 1975, § 12-2-7, specifically lists the power to make rules as one of the powers of the Supreme Court.
[4] Ala.Code 1975, Title 15, which contains many of the provisions relating to procedure, begins with § 15-1-1, which provides: "Any provisions of this title regulating procedure shall apply only if the subject matter is not governed by rules of practice and procedure adopted by the supreme court of Alabama."